KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Wilber Herrera Orellana,<br><br>Petitioner,<br><br>v.<br><br>Eric Rokosky, et al.,<br><br>Respondents. | No.    CV-26-02833-PHX-SMB (JFM)<br><br><br>**ORDER** |

Petitioner, through counsel, filed this action under 28 U.S.C. § 2241 challenging his immigration detention.  (Doc. 1.)

Petitioner is a native and citizen of El Salvador, who entered the United States on October 9, 2023; Petitioner was seventeen at the time. (Doc. 1 at 5.)  On October 10, 2023, Petitioner was arrested by immigration officials and served with a Notice to Appear.  (*Id.*) Petitioner was designated as an Unaccompanied Alien Child and, pursuant to 8 U.S.C. § 1232(c)(2)(A), was transferred to the custody of the Department of Health and Human Services and the Office of Refugee Resettlement.  (*Id.* at 6.)  On December 9, 2023, Petitioner was released to his uncle's custody pursuant to 6 U.S.C. § 276 and the "William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, codified at 8 U.S.C. § 1232(c)(2)(A)."  (*Id.*)  For two years, Petitioner resided with his uncle, "complied with all conditions of his release," and pursued lawful immigration status.  (*Id.* at 7.)  On May 24, 2024, Petitioner filed a Form I-589 Application for Asylum and Withholding of Removal, "under the Trafficking Victims Protection Reauthorization Act as an

unaccompanied alien child." (*Id.*) United States Citizenship and Immigration Services retains jurisdiction over Petitioner's application and granted his application for employment authorization. (*Id.*) On November 19, 2025, the Superior Court of California appointed Petitioner's uncle as Petitioner's legal guardian. (*Id.* at 8.) On April 7, 2026, Petitioner was re-detained by immigration officials without any pre-arrest custody redetermination hearing. (*Id.*)

Petitioner raises four claims for relief in which he asserts his detention violates the Trafficking Victims Protection Reauthorization Act, the Fifth Amendment, the class action ruling in *Bautista v. Santacruz*, CV-25-01873-SSS-BFM, 2025 WL 3288403, at *1 (C.D. Cal. Nov. 25, 2025), and 1226(a).

Petitioner seeks relief in part as a member of the bond-eligible class certified by the United States District Court for the Central District of California in *Bautista v. Santacruz*, CV-25-01873-SSS-BFM, 2025 WL 3288403, at *1 (C.D. Cal. Nov. 25, 2025). As an initial matter, the Court rejects Petitioner's argument that relief should be granted here simply because he is a member of the *Bautista* class. *See Calderon Lopez v. Lyons*, ___ F. Supp. 3d ___, 2025 WL 3683918, at *1 (N.D. Tex. Dec. 19, 2025). Jurisdiction over Petitioner's Habeas case resides solely in Arizona.

In addition, this Court has held that, under § 1225(a), any alien who enters the United States illegally, who has not been previously lawfully admitted, is "deemed for purposes of this chapter an applicant for admission" under 8 U.S.C. § 1225(a)(1). *See Chavez v. Noem*, ___ F. Supp. 3d ___, 2026 WL 381618, at *1-2 (D. Ariz. Feb. 9, 2026); *see also Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

Further, an alien unlawfully present in the United States "has only those rights regarding admission that Congress has provided by statute." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020); *see also Lopez v. Noem*, CV-26-00345 (JHR), 2026 WL 266597, at *3 (S.D.N.Y. Feb. 2, 2026).

Based on Petitioner's allegations, the Court finds that Petitioner is present without having been admitted and is therefore treated as an applicant for admission under 8 U.S.C.

§ 1225(a)(1).  The Court further finds that an immigration officer has not determined Petitioner clearly and beyond a doubt is entitled to be admitted, and therefore mandatory detention under 8 U.S.C. § 1225(b)(2)(A) applies.  Petitioner is therefore not entitled under the Immigration and Nationality Act to a bond hearing under 8 U.S.C. § 1226(a).

The Court will require a response to only Counts 1 and 3 of the Petition.  Any response must be supported by documentary evidence including, if applicable, affidavits signed under penalty of perjury by individuals with personal knowledge of the factual statements made therein.

**IT IS ORDERED:**

(1)    Counsel for Petitioner must immediately serve the Petition (Doc. 1) and a copy of this Order on Respondents.

(2)    If not already issued, the Clerk of Court must issue any properly completed summonses.

(3)    The Clerk of Court must immediately transmit by email a copy of this Order and the Petition to the United States Attorney for the District of Arizona, to the attention of Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, Theo Nickerson at Theo.Nickerson2@usdoj.gov, Dina Anagnopoulos at Dina.Anagnopoulos@usdoj.gov, and Mary Finlon at Mary.Finlon@usdoj.gov.

(4)    Counts 2 and 4 are dismissed.

(5)    Respondents must respond to Counts 1 and 3 of the Petition no later than **20 days** from the date of service.

Dated this 24th day of April, 2026.

Honorable Susan M. Brnovich
United States District Judge

- 3 -